Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| MARLENE Y. RODRÍGUEZ RODRÍGUEZ por sí y en representación de LINA RODRÍGUEZ RODRÍGUEZ<br><br>APELANTE<br><br>v.<br><br>24 MARKETPLACE, INC. Y OTROS<br><br>APELADA | TA2025AP00505 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2024CV03602<br><br>Sobre: Daños y perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de diciembre de 2025.

Comparece ante nos la señora MARLENE Y. RODRÍGUEZ RODRÍGUEZ por sí y en representación de su hija menor LINA RODRÍGUEZ RODRÍGUEZ (en adelante la parte apelante) mediante un *Recurso de Apelación* instado el 31 de octubre de 2025. En su recurso, nos solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia Sala Superior de Carolina (en adelante TPI o foro primario) el 2 de septiembre de 2025, en la cual desestimó la demanda con perjuicio al amparo de la Regla 10.2 (5) de Procedimiento Civil e impuso honorarios de abogados por temeridad por la cantidad de $1,000.00.

Transcurrido el término para presentar el recurso en Oposición a la Apelación el 24 Marketplace, Inc. (en adelante parte apelada) no compareció.

Por los fundamentos que expondremos a continuación se modifica la Sentencia del Tribunal de Primera Instancia, y así

modificada se confirma. Exponemos el trasfondo factico y procesal que acompaña la presente controversia.

I.

El 21 de octubre de 2024, la parte apelante presentó una Demanda por daños y perjuicios en contra del 24 Marketplace, Inc., Demandados desconocidos A, B y C y las Compañía de Seguros.[1] Como parte de su alegato expuso que el apelado le vendió un *vape* o también conocido como un cigarrillo electrónico y esto llevo a que la menor haya "sido expuesta a sufrir problemas de salud, además de propiciar el vició en menores de edad lo que ha causado angustia y daño a su bienestar físico y emocional tanto de la menor como de su núcleo familiar en donde está su madre".[2] En la demanda, solicitó la cantidad de $200,000.00 por los daños sufridos.[3] No obstante, como parte de los daños alegados solo se limitó a señalar que ha sufrido daños de salud y emocionales. [4]

El 17 de febrero de 2025, se diligenció el emplazamiento a la parte apelada.

Posteriormente, el 27 de marzo de 2025, el apelado presentó una Solicitud de Desestimación al amparo de la Regla 10.2 (5) de las de Procedimiento Civil. [5] Adujo que "de las alegaciones en la demanda no surge ni una cintila de alegación que narre, detalle o especifique daños sufridos, diagnósticos o tratamientos".[6] Asimismo, expuso que alegar solo que alguien estuvo expuesto a un daño es una reclamación incierta y especulativa, insuficiente en derecho.[7]

---

[1]  Véase Ent. Sum. TPI Núm. 1.
[2] *Íd.*
[3] *Íd.*
[4] *Íd.*
[5] Véase Ent. Sum. TPI Núm. 9.
[6] *Íd.*
[7] *Íd.*

Por otro lado, el 28 de marzo de 2025, la parte apelante replicó a una Moción en oposición a solicitud de desestimación.[8] En su escrito reiteraron que la menor sufrió daños reales y no especulativos. No obstante, señala que a la menor tener contacto con un producto que tiene nicotina "*pueden* haber ocasionado afectaciones, aunque sean iniciales o subclínicas, a su organismo".[9] (Énfasis suplido).

El 2 de septiembre de 2025, el Tribunal de Primera Instancia desestimó la demanda con perjuicio, concedió los gastos y costas a favor del parte apelado e impuso la cantidad de $1,000 en concepto de honorarios de abogados. [10]

El 15 de septiembre de 2025, la parte apelante presentó una *Moción de Reconsideración.*[11] Por su parte, el 24 de septiembre de 2025, el Apelado presentó su *Moción en oposición a solicitud de Reconsideración.*[12] El 1 de octubre de 2025, el Tribunal de Primera Instancia declaró un "No ha lugar" a la Moción de Reconsideración.[13]

Inconforme con la determinación del TPI, el 31 de octubre de 2025, la Apelante presentó un Recurso de Apelación en el cual realizó los siguientes señalamientos de error:

> **ERROR I**: Erró el TPI al aplicar un estándar de exigencia de prueba estricta (diagnósticos o tratamientos) en la etapa de alegaciones (Regla 10.2(5) de Procedimiento Civil), al confundir la suficiencia de la alegación con la suficiencia probatoria, contraviniendo el estándar liberal que exige resolver toda duda a favor de la parte demandante.

> **Error II**: Erró el TPI al determinar que la Demanda no alegaba un ¨daño real y tangible¨ bajo el Artículo 1536 del Código Civil, al ignorar que la violación de la Ley Núm. 66 – 2015 por la parte Apelada constituye negligencia *per se* y que el concepto de daño indemnizable incluye el daño por exposición a riesgos intrínsecamente nocivos a la salud y el daño moral/emocional y por ricochet.

---

[8] Véase Ent. Sum. TPI Núm. 13.
[9] *Íd., pág. 6.*
[10] Véase Ent. Sum. TPI Núm. 17.
[11] Véase Ent. Sum. TPI Núm. 18.
[12] Véase Ent. Sum. TPI Núm. 20.
[13] Véase Ent. Sum. TPI Núm. 21.

> **Error III**: Erró y abusó de su discreción el TPI al: (a) desestimar la Demanda **con perjuicio** sin conceder a la parte Apelante la oportunidad de enmendar la misma, lo cual es contrario a la política judicial de adjudicar los casos en sus méritos y de evitar la desestimación por defectos de forma subsanables; (b) imponer una sanción de **$1,000.00** en honorarios de abogados por temeridad, sin que la actuación de la parte Apelante satisficiera el estándar de frivolidad o mala fe que justifica tal sanción (Regla 44.1 de Procedimiento Civil), máxime al tratarse de un asunto legalmente **debatible y novel**.

Mediante Resolución emitida el 5 de noviembre de 2025, se concedió al Apelado hasta el 1 de diciembre de 2025, para presentar su oposición a la Apelación. Transcurrido el término para presentar la oposición, sin la comparecencia de dicha parte, procedemos a disponer.

II.

### A. Dejar de exponer una reclamación que justifique la concesión de un remedio.

La Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, estatuye las normas generales de las alegaciones y establece, en parte, que una alegación que exponga una solicitud de remedio comprende: "(1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho". Así, pues, las alegaciones constituyen aquellos enunciados "mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas", cuyo fin es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes". Conde Cruz v. Resto Rodríguez et al., 205 DPR 1043, 1061-1062 (2020).

El Tribunal Supremo de Puerto Rico ha expuesto que en el ámbito procesal civil se ¨permite que una persona contra quien se haya presentado una reclamación judicial solicite la desestimación de ésta, cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotara la pretensión del demandante¨. *Eagle Security v. Efrón Dorado et al*, 211 DPR 70, 84 (2023).  Según la

Regla 10.2 (5) de las Reglas de Procedimiento Civil la parte demandada puede realizar una moción de desestimación planteando la defensa de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. 32 LPRA Ap. V. Bajo este inciso la desestimación de la acción se dirige a los méritos de la controversia y no a las vertientes procesales del litigio. *BPPR v. Cable Media* 2025 TSPR 1, 215 DPR __ (2025) citando a *Montañez v. Hosp. Metropolitano*, 157 DPR 96, 104 (2002).

Nuestro máximo foro ha señalado que ¨al considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante¨. *Rivera Sanfeliz et al v. Jta. Dir. First Bank*, 193 DPR 38, 50 (2015). Asimismo, el tribunal tiene que hacer todas las inferencias que le resulten favorables a la parte demandante. R. Hernández Colon, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6.ª ed. rev. San Juan, Ed. Lexis Nexis, 2017, pág. 307.

Según Hernández Colon citando un caso del Tribunal Supremo Federal *Ashcroft v. Iqbal*, 556 US 662 (2009) señala que:

> Luego de brindarle veracidad a los hechos bien alegados, debe determinar si a base de éstos la demanda establece una reclamación plausible que justifique que el demandante tiene derecho a un remedio, guiado en su análisis por la experiencia y el sentido común. De determinar que no cumple con el estándar de plausibilidad,[14] el tribunal debe desestimar la demanda y no permitir que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba pueden probarse las alegaciones conclusorias. *Íd*.

### B. **Responsabilidad Extracontractual**.

---

[14] El estándar de plausibilidad se ha definido como ¨aquel que requiere hechos suficientes que logren una expectativa razonable de que en el descubrimiento de prueba se revelara la evidencia que lo demuestre¨. ¨Bajo este estándar no basta exponer meras aseveraciones conclusorias o la simple enunciación de los elementos de la causa de acción¨. Hernández Colon, *op cit.*,280.

El legislador codificó en el Art. 1536 del Código Civil de 2020 lo relacionado a la responsabilidad por culpa o negligencia el cual establece que ¨[l]a persona que por culpa o negligencia causa daño a otra, viene obligado a repararlo¨. 31 LPRA sec. 10801. Por consiguiente, para que haya una causa de acción al amparo del antes mencionado artículo se tiene que incurrir en culpa o negligencia, causar un daño y el nexo causal entre los primeros dos (2) elementos.

En lo que respecta a la negligencia el Art. 1163 del Código Civil de 2020 expone que:

> La culpa o negligencia del deudor consiste en la omisión de aquella diligencia que exige la naturaleza de la obligación y corresponde a las circunstancias de las personas, del tiempo y del lugar.

> Cuando la obligación no exprese la diligencia que debe prestarse en su cumplimiento, se exige lo que corresponde a una persona prudente y razonable. 31 LPRA sec. 9315.

[. . . ]

Ahora bien, en torno a los daños el Código Civil no nos brinda una definición. No obstante, el Tribunal Supremo ha expuesto que ¨[d]año es todo aquel menoscabo material o moral que sufre una persona ya, [sea] en sus bienes vitales naturales, ya en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra¨. *García Pagan v. Shiley Caribbean*, 122 DPR 193, 204 (1988).

La Regla 7.4 de Procedimiento Civil establece que ¨[c]uando se reclamen daños especiales, se detallara el concepto de las distintas partidas¨. 32 LPRA Ap. V. De no reclamarse los daños especiales en la demanda, estos se tienen *por renunciados*. *Blas v. Hospital Guadalupe*, 146 DPR 267, 344 (1998). (Énfasis nuestro). El Prof. Charles Zeno Santiago nos brinda algunos ejemplos de los que son daños especiales entre los cuales se encuentran los daños físicos, patrimoniales, gastos médicos, hospitalizaciones, medicinas, equipo

de tratamientos, los gastos futuros en que incurrirá esa persona para tratar su condición, entre otros. C. Zeno Santiago, *La responsabilidad civil extracontractual acorde con el código civil de puerto rico de 2020 y la jurisprudencia puertorriqueña*, 1.ª ed. rev. San Juan, 2024, pág. 278.

Por último, el Tribunal Supremo ha establecido que, sin un daño, no existe la responsabilidad de resarcir, aunque haya una conducta injusta e ilícita. *López v. Porrota Doria*, 169 DPR 135 (2006); Zeno Santiago, *op cit.*, pág. 177.

### C. Temeridad

La Regla 44.1 (d) de Procedimiento Civil expone que: ¨[e]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda corresponda a tal conducta¨. 32 LPRA Ap. V.

Según Hernández Colon la imposición de honorarios de abogados constituye una penalidad económica dirigida a la parte que ha litigado de manera temeraria o frívola durante el proceso. Hernández Colon, *op cit.*, pág. 436. Asimismo, el Tribunal Supremo ha expuesto que la temeridad se refiere a ¨cuando un litigante perdidoso por su terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e *insistencia en una actitud desprovista de fundamentos obliga a la otra parte a asumir innecesariamente las molestias, los gastos e inconvenientes de un pleito*¨. *Asoc. Salud Primaria y otros v. ELA*, 2025 TSPR 75, 216 DPR __ (2025). (Énfasis nuestro).

La decisión de si una parte es o no es temeraria descansa en la *sana discreción* del tribunal. *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006). Por consiguiente, los foros apelativos intercederán

solamente, cuando haya un claro abuso de discreción por parte del foro primario. *Íd.*

Nuestro Tribunal Supremo reiteradamente ha establecido que no existe temeridad cuando se presenta una causa de acción en el Tribunal de Primera Instancia y este es uno de carácter novel. *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006); *Oliveras, Inc. v. Universal Ins. Co*, 141 DPR 900, 936 (1996); *Cabanillas v. Gelpi,* 65 DPR 945, 949 (1946). No obstante, también nuestro máximo foro ha señalado el que no haya jurisprudencia sobre la controversia y que, por ello, se trate de una cuestión novedosa ante los tribunales no significa por sí solo, que la aparte haya actuado sin temeridad. *Muniz v. Vda. de Suarez*, 52 DPR 563 (1938). El propósito de la imposición de honorarios de abogado en casos de temeridad es "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito." Fernández v. San Juan Cement Co, Inc., 118 DPR 713, 718 (1987).

En *Velázquez Ortiz v. U.P.R.,* 128 DPR 234 (1991) (SENTENCIA) (Regla 50), nuestro Tribunal Supremo enumeró una serie de criterios o factores que el juzgador de hechos deberá sopesar al imponer una cuantía de honorarios de abogado por temeridad. Estos son: (1) naturaleza del litigio (2) cuestiones de derecho envueltas en el mismo; (3) cuantía en controversia (4) esfuerzos y actividad profesional que hayan tenido que desplegarse (5) habilidad y reputación de los abogados envueltos.

En *Corpak, Art Printing v. Ramallo Brothe*rs, 125 DPR 724, 738 (1990), el Tribunal Supremo había señalado que "deberá mantenerse presente que el grado o intensidad de la conducta

temeraria o frívola es el criterio o factor determinante y crítico que tienen que tomar en consideración dichos tribunales al determinar la cuantía de los honorarios de abogado a imponerse a la parte perdidosa que ha actuado con temeridad o frivolidad."

III.

La parte apelante presentó tres (3) errores en su Recurso de Apelación. Como primer error expusieron que a base de la Moción presentada al amparo de la Regla 10.2(5) de Procedimiento Civil se confundió la suficiencia de la alegación con la suficiencia probatoria y en caso de duda se tenía que resolver a favor de ellos.

El 21 de octubre de 2024, la parte apelante presentó una demanda de daños y perjuicios en contra del Apelado. Esto se debió a que en el establecimiento comercial del Apelado le vendieron un *vape*/cigarrillo electrónico a una menor de edad. Como parte de su Demanda, la apelante expuso ¨como resultado de esta acción negligente ilegal, [la] menor Lina Rodríguez Rodríguez ha sido expuesta a sufrir problemas de salud, además de propiciar el vicio en menores de edad lo que ha causado angustia y daños a su bienestar físico y emocional tanto de la menor como de su núcleo familiar en donde está su madre¨.

El Tribunal de Primera Instancia aceptando todos los hechos bien alegados de la causa de acción no dudó en que haya negligencia. No obstante, en su Sentencia expone que "donde la demanda deja de exponer hechos que justifiquen la concesión de un remedio es en el aspecto de la causa del daño y en los daños reclamados". El Tribunal hace énfasis en que la Demanda solamente se alegó que el artefacto ¨pudo causarle¨ daño a la menor. Pero, no alegó hechos específicos de como ocurrieron estos daños ni cuales fueron. Exigir que se especifiquen como ocurrieron los daños y cuál es el nexo causal entre la negligencia y el daño, no es un asunto de

suficiencia probatoria. Sino que es una exigencia mínima como parte del estándar de plausibilidad. El Tribunal como parte de este estándar consideró que los daños alegados y el nexo causal son alegaciones concluyentes. Por los cuales no pueden presumirse como ciertas.

Tomando como ciertas las alegaciones de la demanda llegamos a la misma conclusión que el foro primario. Descartamos que en la demanda se haya alegado los hechos que permitan la reclamación de daños que satisfagan el estándar de plausibilidad. Asimismo, a la luz del sentido común y la experiencia general, resulta altamente improbable que una sola exposición al uso de un cigarrillo electrónico sea suficiente para propiciar, por sí misma, la formación de un hábito adictivo a la nicotina. Por consiguiente, no erró el Tribunal de Primera Instancia en desestimar la demanda.

En lo que respecta al segundo error, se alegó que el haber violado la Ley Núm. 66 – 2015 se constituye negligencia *per se* y que hay daños indemnizables. Al igual que el foro primario no nos cabe duda de que la causa de acción que tenía la parte Apelante es una al amparo del Art. 1536 del Código Civil. No obstante, de la demanda no se desprende cual es el daño causado a la menor de edad. Destacamos que, en torno a los daños de salud, estos son considerado daños físicos y su vez daños especiales. Por consiguiente, según la Regla 7. 4 de Procedimiento Civil en torno a los daños especiales se tenían que especificar cuáles eran estos, ya sea gastos médicos, hospitalización, entre otros. Al no especificarlos en la demanda, se renuncian. No basta con solamente alegar que hubo un daño a la salud. Por otro lado, los daños morales no se tienen que especificar como los especiales, pero se tiene que exponer de forma general. La forma general no se puede limitar a la mera alegación de que hubo un daño so pretexto de que en el

descubrimiento de prueba puedan probarse las alegaciones conclusorias.

Por último, en lo relacionado al tercer error, la Apelante expone que no se debía desestimar la demanda con perjuicio y que no se satisfizo el estándar de frivolidad o mala fe y que se trataba de un asunto novel.

En el caso de marras se presentó una demanda de daños y perjuicios que solamente se alegó que existió negligencia sin establecer cuáles fueron los daños y el nexo causal mediante hechos demostrativos y suficientes. La Apelante expuso que el pleito es uno novel por el mero hecho de estar relacionado a un acto de responsabilidad extracontractual que involucra un *vape*. En su Sentencia, el Tribunal de Primera Instancia no expuso ni fundamentó que elementos consideró para determinar que la parte demandante actúo de manera temeraria. Es por ello, que luego de analizar cuidadosamente los hechos del caso ante nos, resolvemos que la conducta de la parte apelante en la tramitación de su caso no fue temeraria, por lo cual el Tribunal de Primera Instancia abusó de su discreción al imponer a dicha parte el pago de $1,000.00 en concepto de honorarios de abogados.

IV.

Por los fundamentos antes expuestos, se modifica la sentencia para dejar sin efecto los honorarios de abogado y así, se confirma la Sentencia dictada por el Tribunal de Primera Instancia.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones